# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE VIRGIL SELF,

    Bankruptcy Case Number
    19-82327-CRJ-13

  Debtor,

VIRGIL SELF,

  Plaintiff,

    Adversary Proceeding No.
v.    19-80092-CRJ

FAMILY SECURITY CREDIT UNION,
and BREIBART LAW FIRM,

  Defendants.

## AMENDED COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Virgil Self ("Self"), makes the following allegations in his complaint against the defendants, Family Security Credit Union ("FSCU") and Breibart Law Firm ("Breibart").

### Parties, Jurisdiction, and Nature of Action

1. Self is the debtor in the above-referenced Chapter 13 bankruptcy case which was commenced on August 6, 2019. FSCU is a corporation organized and existing under the laws of the state of Alabama. Breibart is a corporation organized and existing under the laws of the state of Alabama. At all times material to this complaint, Defendants regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. Self did business with the defendants within this district and division, and it is these transactions that give rise to this litigation.

2. FSCU is listed as a creditor in the schedules filed by Self.

3. Despite having both notice and actual knowledge of the commencement of Self's case, Breibart sent a collection letter dated October 2, 2019 on behalf of FSCU in an effort to collect a pre-petition debt owed by Self to FSCU. The letter references the debtor's account and states "You previously committed to pay the referenced account, but you have not done so. If you do not bring your payment current, we will take legal action." The letter is signed by Richard Breibart, Attorney for Family Security Credit Union. (See Exhibit 1).

1

4. Self brings this action to recover the actual damages he has sustained as a result of the defendants' willful violation of the automatic stay in this case and to recover punitive damages from the defendants for that violation.

5. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Self's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Self and the defendants. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b).

**Claim – Violation of the Automatic Stay**

6. Self incorporates by reference the allegations in paragraphs one through five of this complaint.

7. The schedules filed by Self upon the commencement of this bankruptcy case listed FSCU as a creditor.

8. As a result of FSCU being listed as a creditor in Self's schedules, the defendants had both notice and actual knowledge of both the commencement of and all the proceedings in Self's bankruptcy case.

9. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Self's bankruptcy case gave rise to the automatic stay which, among other things, prohibited the defendants from attempting to collect from Self any pre-petition obligation owed by Self to the defendants.

10. Despite the imposition of the automatic stay by the commencement of this case and despite having both notice and actual knowledge of the commencement of this case, Breibart sent a letter on behalf of FSCU to collect from Self a pre-petition obligation owed by Self to FSCU. Clearly any systems and procedures the defendants have to avoid stay violations are flawed.

11. The actions of the defendants violate 11 U.S.C. §362 as set forth in this complaint.

12. Self has sustained, and continues to sustain, injury and damage as a result of the defendants' intentional violation of the automatic stay.

13. The defendants' actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

14. Under 11 U.S.C. §362(k)(1), Self is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against the defendants for their willful and intentional violation of the automatic stay. These creditors elected to send a letter in an "attempt to collect" post-petition and after having received notice.

15. Self suffered emotional distress as a direct and proximate result of the defendants' conduct. (See Exhibit 2 – Debtor's Affidavit).

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### INTRODUCTION

This action, in part seeks redress for the collection practices of Breibart Law that violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (the "FDCPA").

### JURISDICTION AND VENUE

In Bank of Am. Corp. v. Kachlar (In Re Kachlar), 2019 U.S. App. 10696 (11th Cir. 2019), the 11th Circuit addressed the scope of "**related to**" jurisdiction in the bankruptcy context. A bankruptcy court exercises jurisdiction derivative of and dependent upon a district court's jurisdiction. 28 U.S.C. §1334 prescribes the rule governing subject matter jurisdiction of district courts regarding bankruptcy related matters. §1334(B) provides three categories of claims that fall within subject matter jurisdiction of district courts: 1) civil proceedings "arising under Title 11," more commonly known as the "Bankruptcy Code," 2) civil proceedings "arising in… cases under Title 11," and 3) civil proceedings "related to cases under Title 11." 28 U.S.C. §157(A) allows a district court to refer those matters to a bankruptcy Court in the same district. In *Kachkar*, the Eleventh Circuit held that the husband's complaint was "related to" the wife's bankruptcy case and therefore was within the subject matter jurisdiction of the bankruptcy court. Similarly, in the instant case, the alleged FDCPA violation is related to the debtor's bankruptcy case. That is to say that the outcome of the FDCPA claim would "conceivably have an effect" on the estate in the bankruptcy case. Therefore, the Plaintiff's FDCPA claim is "related to" the debtor's underlying bankruptcy and within the subject matter jurisdiction of this honorable Court.

### PARTIES

1. Plaintiff, Virgil Self, is an individual who resides in Madison County, Alabama.
2. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a(3), in that Defendant sought to collect from them a debt allegedly incurred for personal, family or household purposes.
3. Defendant Breibart Law ("Breibart") is a debt collection agency with its principal offices at 3500 Blue Lake Drive, Suite 340, Birmingham, AL 35243.
4. Breibart is engaged in the business of a collection agency, using the mail and telephone to collect consumer debt originally owed to others.

3

5. Breibart is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes. Breibart is a debt collector as defined in 15 U.S.C. §1692a.

## FACTS

1. On or about October 2, 2019, Breibart mailed a debt collection letter to the Plaintiff regarding an alleged debt, allegedly owed to "Family Security Credit Union." A copy of this letter is attached to this Amended Complaint as Exhibit 1.
2. Upon information and belief, Exhibit 1 is a form letter, generated by a computer, and with the information specific to the Plaintiff inserted by the computer.
3. Exhibit 1 contains the following text:

"You previously committed to pay the referenced account, but you have not done so. If you do not bring your payment current, we will take legal action."

4. Exhibit 1 is false, misleading, and confusing to the unsophisticated consumer.
5. The Plaintiff alleges that the debt Breibart is attempting to collect debt that was included in the debtor's bankruptcy case.
6. The letter sent by Breibart threatens that they "will take legal action." The Automatic Stay was in effect and no Stay relief had been granted. Therefore, for this reason and others, the communication was false, deceptive, and misleading.
7. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The Defendant admits in his answer that he had notice of the Automatic Stay. (See Exhibit 3). Therefore, any attempt to collect was false, misleading, and deceptive.
8. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.
9. 15 U.S.C. § 1692e(5) specifically prohibits: "The threat to take any action that cannot legally be taken or that is not intended to be taken."
10. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."
11. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

4

Case 19-80092-CRJ    Doc 13    Filed 12/16/19    Entered 12/16/19 13:37:01    Desc Main
Document      Page 4 of 7

12. 15 U.S.C. § 1692f(1) specifically prohibits: "The collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."
13. Defendant's misrepresentation is likely to cause emotional distress to the unsophisticated consumer, who is afraid of having to deal with debt that is actually subject to the Automatic Stay, but is now reappearing in the hands of a debt buyer.
14. Plaintiff was confused by Exhibit 1. They had no idea why Breibart was attempting to collect as they were in bankruptcy.
15. The unsophisticated consumer would be confused by Exhibit 1.
16. Plaintiff had to spend time and money investigating Exhibit 1.
17. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit 1.
18. The FDCPA creates substantive rights for consumers; where violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dis. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) (When a federal statue is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.,* No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); see also *Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

19. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. See 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").
20. Exhibit 1 is facially confusing and misleading as to the nature of the alleged debt in that it was included in the debtor's bankruptcy and was subject to the Automatic Stay.
21. The unsophisticated consumer would have no idea what debt Breibart was attempting to collect as Family Security Credit Union was included within their bankruptcy and subject to the Automatic Stay.
22. Breibart's conduct violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692f, and 1692f(1).
23. The Defendant's threat to "take legal action" was deceptive, false, and misleading.

**WHEREFORE**, Self asks this court to enter an order:
(A) Awarding Self compensatory damages against FSCU and Breibart including the reasonable attorney's fees and costs incurred by Self in the preparation and prosecution of this adversary proceeding;
(B) Awarding Self punitive damages against FSCU and Breibart for their willful and intentional violation of the automatic stay, such damages being intended to instill in the defendants and other creditors due respect for this court and its orders and to deter them from taking similar action against Self and similarly situated debtors in the future;
(C) Voiding the debt owed by Self to the defendants;
(D) Awarding Self statutory damages against Breibart for their violation of the FDCPA including reasonable attorney's fees and costs; and
(E) Granting Self any additional or different relief this court deems appropriate.

Dated: 12/16/2019                                   Respectfully submitted,

                                                    /s/ John C. Larsen_____
                                                    John C. Larsen
                                                    Attorney for the debtor/plaintiff,
                                                    Virgil Self

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com